## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------------------------------x
                                                    :
DIANE ORRICO                                        :     CIVIL ACTION NO.
       Plaintiff                                    :
                                                    :
v.                                                  :     JURY TRIAL REQUESTED
                                                    :
AMPHENOL CORPORATION                                :     JANUARY 11, 2022
       Defendant                                    :
----------------------------------------------------x
```

## COMPLAINT

**INTRODUCTION:**

1.     This is an action to redress interference and retaliation in violation of the Family Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C § 2612 *et seq.*

**JURISDICTION:**

2.     Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, specifically, the FMLA.

**PARTIES**:

3.     At all times set forth herein, the Plaintiff in this matter, Diane Orrico, was a resident of Bethel, Connecticut.

4.     At all times set forth herein, the Defendant in this matter, Amphenol Corporation, was a corporation organized under the laws of Delaware with its headquarters located at 358 Hall Avenue, Wallingford, CT 06492.

**ALLEGATIONS**:

5.      Plaintiff's Mother-in-Law suffers from Amyotrophic Lateral Sclerosis ("ALS"), a progressive neurodegenerative disease that affects nerve cells in the brain and spinal cord.

6.      Persons with ALS suffer from progressive weakness, loss of muscle control, then the loss of the ability to move or speak, and finally and fatally, the inability to breathe. ALS is a disease with no cure.

7.      Plaintiff is one of the primary caretakers of her mother-in-law.

8.      Plaintiff commenced employment with the Defendant in or around February of 2013, as a Customer Service Representative, a position which she held throughout her tenure of employment with the Defendant.

9.      Beginning in or around April of 2020, as a response to the COVID-19 Pandemic, the Defendant allowed all front-office staff to work from home.

10.     he front-office staff worked from home for approximately eighteen months.

11.     When Defendant employees, including Plaintiff, returned to in-person work, the Defendant required all of the employees to wear masks.

12.     Eventually, as the severity of the pandemic waned, the Defendant changed this policy so that only employees who were unvaccinated with the COVID-19 vaccine to continue to wear masks while at work.

13.     Plaintiff is unvaccinated, and accordingly, she wore a mask to work per policy.

14.     On or around October 29, 2021, the Plaintiff contracted a severe case of poison ivy on her face, as well as on her hands, arms, and other parts of her body.

15.     The reaction was so severe that the Plaintiff had purple sores on her face and neck.

16.     On or around October 29, 2021, the Plaintiff told her supervisor, the Customer Service Manager, Kelly Palladino (hereinafter, "Palladino"), about the poison ivy and communicated that it was difficult for her to wear a mask due to the reaction.

17.     Palladino spoke with a Human Resources representative, Angela Fallotico (hereinafter, "Fallotico") about Plaintiff's condition and they told Plaintiff that she was permitted to work from home.

18.     By October 31, 2021, the Plaintiff's reaction to poison ivy had gotten worse. When she communicated this to Palladino and Fallotico, they told her to continue to work from home. They did say, though, that after a certain point the Plaintiff would have to start using her sick time if she continued to be unable to work in-person.

19.     Plaintiff had sick time so this was not a problem for her.

20.     While the Plaintiff was working from home due to her reaction, her mother-in-law's ALS progressed to the point where she required the use of a wheelchair.

21.     Due to the fact that the Plaintiff is a primary care-giver for her mother-in-law, Plaintiff needed to take some time off to help and care for her mother-in-law.

22.     On or about November 8, 2021, the Plaintiff emailed representatives at Defendant requesting FMLA paperwork.

23.     Upon receiving Plaintiff's request, Kelly Cefaloni (hereinafter, "Cefaloni"), a representative from HR, called the Plaintiff and asked her if the request was for her poison ivy.

24.     The Plaintiff said no. Suddenly, and without allowing the Plaintiff to explain, Cefaloni told the Plaintiff that her employment was terminated.

25.     The Defendant, in a subsequent email, stated that the official reason for Plaintiff's termination was "mask violations" and her inability to go to work due to her unvaccinated status,

3

despite Defendant previously having represented to Plaintiff that she would be able to utilize available sick time until her poison ivy reaction had abated.

**FIRST COUNT:**     **Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

1.     Plaintiff repeats and re-alleges paragraphs 1 through 27 inclusive above, and incorporates them as paragraphs 1 through 27 of this First Count as if fully stated herein.

26.     The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to leave under the FMLA, and the Plaintiff applied for leave under the FMLA.

27.     The Defendant interfered with Plaintiff's right to take leave under the FMLA by terminating her employment under false pretext.

28.     As a result of the Defendant's interference with the Plaintiff's right to take leave under the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

29.     As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred or will to incur, attorney's fees and costs.

**SECOND COUNT:**     **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 27 above as Paragraphs 1 through 27 of this Second Count as if fully set forth herein.

28.     The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to leave under the FMLA and the Plaintiff requested medical leave under the FMLA.

29.     The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise her rights under the FMLA in that she was terminated because of her attempted use of FMLA leave.

30.     As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

31.     As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred or will to incur, attorney's fees and costs.

**WHEREFORE,** the Plaintiff requests the following relief:

1.      That the Court assume jurisdiction over this matter;

2.      back pay;

3.      reinstatement or front pay;

4.      attorneys' fees and other allowable costs;

5.      liquidated damages; and

6.      such other relief as the Court deems just and appropriate.

<div style="margin-left:50%">

THE PLAINTIFF
DIANE ORRICO


By: _____
Michael J. Reilly, Esq.
Federal Bar No. ct28651
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-1657
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com

</div>

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

-----------------------------------------------------x
                                     :

| | | |
|---|---|---|
| **DIANE ORRICO** | : | **CIVIL ACTION NO.** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **JURY TRIAL REQUESTED** |
| | : | |
| **AMPHENOL CORPORATION** | : | **JANUARY 11, 2022** |
| *Defendant* | : | |

-----------------------------------------------------x

<u>**REQUEST FOR TRIAL BY JURY**</u>

The Plaintiff, Diane Orrico, hereby requests a trial by jury in the above-captioned matter.

               THE PLAINTIFF
               DIANE ORRICO

               By: _____
               Michael J. Reilly, Esq.
               Federal Bar No. ct28651
               CICCHIELLO & CICCHIELLO, LLP
               364 Franklin Avenue
               Hartford, Connecticut 06114
               Tel: (860) 296-1657
               Fax: (860) 296-0676
               Email: mreilly@cicchielloesq.com